782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SUPERIOR CONTAINER CO., an Ohio Corporation, and WALTER
HOUSTON, Plaintiffs-Appellants,
v.
CITY OF DETROIT, a Michigan Municipal Corporation, Defendant-Appellee.
 85-1190
 United States Court of Appeals, Sixth Circuit.
 12/11/85
 
 BEFORE: ENGEL, KRUPANSKY, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants appeal the summary judgment for defendant in an action alleging violations of Michigan law and constitutional rights. On appeal the issues raised by appellants are as follows: (1) are a tenant's leasehold interest, movable fixtures and equipment, and business interruption avoidance damages 'outside the scope' of statutory condemnation procedure under Michigan law; (2) did the defendant in the instant case sell its leasehold interest and relocate before the state court condemnation actions were filed; and (3) in an action for benefits under the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. section 4601, et seq. ('Uniform Act'), is HUD the only proper defendant.
 
 
 2
 Plaintiff Superior Container Co. ('Superior') leased property in the Central Industrial Park Project in the City of Detroit. The Central Industrial Park Project, known as Poletown, was publicly announced in July of 1980. The purpose of the Poletown project was to acquire approximately four hundred sixty-five (465) acres of property to be turned over to General Motors Corporation for construction of an assembly plant.
 
 
 3
 In July of 1980, plaintiff Superior and defendant Detroit began negotiating for Superior's relocation which resulted in their agreeing upon a new location for Superior in Warren, Michigan. On November 24, 1980, and December 5, 1980, Detroit filed two condemnation actions but did not name Superior in either action. On December 18, 1980, Superior sold its leasehold interest to its lessor, Lufran, for Fifty Thousand Dollars ($50,000.00).
 
 
 4
 On January 8, 1981, Detroit approved payment for a moving consultant in the amount of Two Hundred Twenty Thousand, Four Hundred Eighty Dollars ($220,480.00). Superior executed its relocation between April 2 and June 10, 1981, at a cost of Five Hundred Eighteen Thousand, Seventy-nine and 99/100 Dollars ($518,079.99). Detroit also paid claims for these costs. Superior submitted three supplemental relocation claims totaling Sixty-nine Thousand, Seven Hundred Fifty-two and 98/100 Dollars ($69,752.98). Detroit disallowed Forty-six Thousand, Ninety-three and 05/100 Dollars ($46,093.05) of these claims, and, following an administrative appeal, the Department of Housing and Urban Development ('HUD') approved the disallowances.
 
 
 5
 Thereafter on August 3, 1984, plaintiffs, Superior and its sole shareholder, filed their action against the City of Detroit. The district court held that the Michigan condemnation act was not applicable to the instant case because plaintiffs' property was not 'acquisitioned' as defined by statute. Rather, the court held that plaintiffs' property was 'voluntarily sold to a private party who was not authorized by law to condemn property.' As to the plaintiffs' allegation that the defendant wrongfully declined to pay plaintiffs' supplemental moving expenses, the district court held that plaintiffs unsuccessfully appealed this determination through HUD, that under the Administrative Procedures Act, 5 U.S.C. section 172, plaintiffs may well have a claim for judicial review of this decision, but the present cause of action is instituted against Detroit and not HUD. The district court further held that this action is not properly brought as an appeal of the agency's decision. We agree.
 
 
 6
 Upon consideration of the briefs and record herein and after oral argument, the judgment of the district court is AFFIRMED for the reasons stated in the entered opinion of the district court.